IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12 C 952 |
| | ) | |
| RANDY PFISTER, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pro se petitioner Jonathan Coleman ("Coleman") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 murder conviction in the Circuit Court of Cook County. (Dkt. No. 1.) Pending before the court are respondent Randy Pfister's ("Respondent") "Motion to Dismiss" (Dkt. No. 10) and Coleman's "Motion to Stay Proceedings in Abeyance" (Dkt. No. 20). For the reasons set forth below, Respondent's motion to dismiss is granted and Coleman's motion to stay is denied as moot.

BACKGROUND

Respondent generally argues that Coleman's § 2254 petition must be dismissed with prejudice, because it was untimely filed pursuant to the deadlines set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, this background section is limited to facts that are relevant to a determination of timeliness.

On December 16, 2004, following a jury trial in the Circuit Court of Cook County, Illinois, Coleman was convicted of the first degree murder of Ricardo Cabrales. (Dkt. No. 10 ("Respondent's Mot.") ¶ 2.) Coleman was sentenced on January 25, 2005, to serve sixty-five

1

years of imprisonment. (*Id.* ¶ 2.) On March 2, 2007, the Appellate Court of Illinois affirmed Coleman's conviction and sentence. (*Id.* ¶ 3.) The Supreme Court of Illinois denied Coleman's petition for leave to appeal on May 31, 2007. (*Id.*)

On May 15, 2007, Coleman placed an unsigned and undated "draft" post-conviction petition in the prison mail at Menard Correctional Center, addressed to Coleman's mother. (*Id.* ¶ 5.1.) Instead of sending the draft petition to Coleman's mother, staff at Menard Correctional Center mailed the draft petition to the Circuit Court of Cook County, where it was received on May 21, 2007 and filed as a pro se post-conviction petition on June 19, 2007. (*Id.* ¶ 4, 5.2, 5.3.)[1] After a series of subsequent filings and orders, the circuit court eventually corrected this error on December 19, 2007, when the court determined that Coleman had withdrawn his May 15, 2007 submission. (*Id.* ¶¶ 4-6.)

On October 24, 2008, Coleman mailed a second[2] post-conviction petition to the Circuit Court of Cook County. (*Id.* ¶ 8.) The circuit court denied Coleman's October 24, 2008 post-conviction petition on January 28, 2009. (*Id.*) The Appellate Court of Illinois affirmed the circuit court's denial of post-conviction relief on July 22, 2011. (*Id.* ¶ 9; *see also People v. Coleman*, 956 N.E.2d 966 (Ill. App. Ct. 1st Dist. 2011).) On November 30, 2011, the Supreme Court of Illinois denied Coleman leave to appeal. (Respondent's Mot. ¶ 9.)

---

[1] Respondent sates that the draft post-conviction petition was "docketed" on May 21, 2007, but also cites Coleman's assertion in state court that the draft post-conviction petition was "received" on May 21, 2007 and "filed" on June 5, 2007. (*See* Respondent's Mot. ¶¶ 4, 5.3.) The record from the state court shows that the draft post-conviction petition was received on May 21, 2007 and filed on June 19, 2007. (State Record, Ex. K at C 032.) The court will refer to the draft post-conviction petition as the "May 15, 2007 submission" in the remainder of this opinion for the sake of clarity.

[2] The circuit court's eleven-page January 28, 2009 order makes no mention of Coleman's May 15, 2007 submission, apart from what appears to be an erroneous entry on page 3 of the order, and does not otherwise treat Coleman's October 24, 2008 filing as a second or successive post-conviction petition. (*See* State Record, Ex. N at C:00094-C:00104.)

Coleman's appellate counsel learned of the Supreme Court of Illinois's denial of leave to appeal on December 6, 2011, and informed Coleman of the Supreme Court of Illinois's decision on December 9, 2011. (Dkt. No. 14 ("Petitioner's Resp.") ¶ 6.) Coleman's § 2254 petition was post-marked February 7, 2012, and was received by this court on February 10, 2012. (Respondent's Mot. ¶ 10; *see also* text of Dkt. Entry No. 1.)

## LEGAL STANDARD

As noted above, Respondent argues that Coleman's § 2254 habeas petition was untimely filed pursuant to the applicable deadlines set forth in AEDPA. Section § 2244(d) sets forth the relevant statutory language:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

It is undisputed that "the expiration of the time for seeking [direct] review" in this case was August 29, 2007.³ *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, absent any "impediment to filing . . . created by State action" (28 U.S.C. § 2244(d)(1)(B)) or tolling for the period in which a "properly filed application for State post-conviction" was pending before the state court (28 U.S.C. § 2244(d)(2)), Coleman's § 2254 petition was due to be filed one year later, on or before August 29, 2008.

Respondent argues that Coleman's § 2254 petition must be dismissed for failure to meet the August 29, 2008 deadline, taking the position that "the limitations period was not tolled . . . before it expired on August 29, 2008." (Respondent's Mot. ¶ 17.) In the alternative, Respondent argues that even if the erroneous filing of Coleman's May 15, 2007 submission had the effect of tolling the limitations period, Coleman's § 2254 petition would still be considered untimely under § 2244(d) when it was mailed on February 7, 2012. (*Id.* ¶ 18, n.3.)

Coleman asserts that Respondent's motion to dismiss should be denied, because: (1) Coleman's § 2254 petition was timely filed within the one-year deadline, when the deadline is appropriately calculated and tolled; (2) Coleman's lack of access to the prison law library and the "inadequate instructions" he received on how to file a § 2254 petition "created an impediment to filing an application" under 28 U.S.C. § 2244(d)(1)(B); and (3) Coleman is entitled to equitable tolling, because "extraordinary circumstances outside of petitioner's control prevented him from filing a timely petition." (Petitioner's Resp. ¶¶ 8, 9.)

Once a respondent "raises an AEDPA statute of limitations defense, the petitioner must come forward with some evidence to support his claim that . . . 365 countable days have not

---

³ This date is ninety days after the Supreme Court of Illinois's May 31, 2007 order, at which point Coleman's time for petitioning the United States Supreme Court for direct review expired. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (calculating limitations period from the date "the time expired for filing a petition for writ of certiorari in the Supreme Court for direct review of the state court's judgment").

elapsed." *Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012) (citing *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006)). "After the petitioner makes this evidentiary showing, the burden shifts to the government to prove that the limitations period has run." *Id.*

## ANALYSIS

1. <u>Statutory Tolling and Calculation of Standard One-Year Limitations Period</u>

The parties first dispute whether the erroneous filing of Coleman's May 15, 2007 submission tolls the applicable limitations period. Respondent argues that the May 15, 2007 submission cannot toll the limitations period, because it is not a "properly filed application for State post-conviction or collateral review." (Respondent's Mot. ¶ 18 (quoting 28 U.S.C. § 2244(d)(2)).) Coleman disputes this characterization of the May 15, 2007 submission, noting that "when the trial court ruled on the post-conviction [petition] it denied the petition as being 'frivolous and patently without merit.' Not on any other grounds as argued by Respondent." (Petitioner's Resp. ¶ 1.) The problem with Coleman's argument is that it refers to the disposition of his October 24, 2008 post-conviction petition, not the May 15, 2007 submission.[4] The only record evidence regarding the court's disposition of Coleman's May 15, 2007 submission is a docket entry on December 19, 2007, stating "POST-CONVICTION PET WITHDRAWN." (State Record, Ex. B at 14.) This docket entry is consistent with the position taken by Coleman in State court, that the May 15, 2007 submission was "mistakenly mailed" to the circuit court. (State Record, Ex. L at C 306, ¶ 3.) Under these circumstances, the May 15, 2007 submission cannot be considered a "properly filed application for State post-conviction or collateral review" under 28 U.S.C. § 2244(d)(2).

---

[4] Coleman's statement appears to refer to the circuit court's January 28, 2009 order denying Coleman's October 24, 2008 post-conviction petition, which concluded, "The court finds that the issues raised and presented by petitioner are frivolous and patently without merit." (*See* State Record, Ex. N at C:00104; *see also* State Record, Ex. B at 16 (1/28/09 docket entry stating "PETITION DISMISSED AS FRIVOLOUS AND PATENTLY WITHOUT MERIT").)

5

In the alternative, even if this court were to conclude that Coleman's May 15, 2007 submission did toll the limitations period as a "properly filed application for State post-conviction or collateral review," Coleman's § 2254 petition would still be considered untimely. Under those circumstances, the one-year limitations period would begin to run on December 20, 2007, the day after Coleman's May 15, 2007 submission was officially withdrawn. From December 20, 2007 through October 24, 2008, Coleman did not have any properly filed post-conviction petitions pending in the State court,[5] and 309 days of the one-year limitations period elapsed. The remaining fifty-six days of the limitations period were then tolled from October 24, 2008 through November 30, 2011, while Coleman's October 24, 2008 post-conviction petition made its way through the State courts. This tolling period ended on November 30, 2011, the date the Supreme Court of Illinois denied Coleman leave to appeal. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (distinguishing § 2244(d)(1)(A) and § 2244(d)(2) and concluding that the one-year limitations period is *not* tolled during the time when a petitioner could have filed, but did not file, a petition for a writ of certiorari in the United States Supreme Court regarding the denial of a post-conviction petition); *see also Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007). Coleman's § 2254 petition was then due fifty-six days later, on January 25, 2012.[6] As noted above, Coleman's § 2254 petition was post-marked February 7, 2012, and was received by this court on February 10, 2012.[7]

---

[5] Coleman's appointed counsel erroneously filed a notice of appeal on October 31, 2007 pertaining to an already-vacated circuit court order. (Respondent's Mot. ¶ 7.) This filing did not toll the one-year limitations period, because it was not a "properly filed application for State post-conviction or other collateral review." *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed."); *see also Arangold Corp. v. Zehnder*, 718 N.E.2d 191, 200 (Ill. 1999) ("a final judgment or decision is generally a prerequisite to appellate jurisdiction"). The Appellate Court of Illinois dismissed the erroneous appeal on April 17, 2008. (*See* State Court Record, Ex. N at C:00059.)

[6] The fact that Coleman did not learn about the November 30, 2011 order until December 9, 2011 does not impact this calculation, because (1) the nine-day delay in notification does not constitute grounds for statutory tolling under 28 U.S.C. § 2244(d)(2), *see Gutierrez*, 233 F.3d at 492 ("Congress explicitly required a 'properly filed' pleading to

6

For the reasons set forth above, the court finds that Coleman's § 2254 petition was not timely filed within the one-year limitations period.

2.   State-Created Impediment

Coleman argues generally that the "inadequate instructions" he received from the Pontiac Correction Center's Max Law Library ("Law Library") on how to file a § 2254 petition "creat[ed] an impediment to filing an application" under 28 U.S.C. § 2244(d)(1)(B). (Petitioner's Resp. ¶ 8.) Specifically, Coleman asserts that, "upon receiving notification of the [November 30, 2011] post-conviction PLA denial," he requested from the Law Library "all instructions on how to file a habeas corpus pursuant to 28 U.S.C. § 2254." (*Id.* ¶ 7.) The instructions he received, however, did not "explain[ ] that petitioner had any deadline." (*Id.*) Coleman further contends that "the only way he could of learned of the time limits at issue was by writing the Max Law Library as he did," because he has been in "punitive segregation" since June 8, 2011. (*Id.* ¶ 9; *see also* Petitioner's Ex. D ¶ 1.) Because the Law Library "failed to notify petitioner as to when his deadline was for filing a Federal Habeas Corpus with this court," Coleman argues that the State created an impediment to him being able to timely file his § 2254 petition. (Petitioner's Resp. ¶ 8.) Coleman does not identify when, if ever, the alleged impediment was removed.

---

toll the statute of limitations"); and (2) the nine-day delay in notification does not constitute an "impediment to filing . . . created by State action" under 28 U.S.C. § 2244(d)(1)(B), *see Moore v. Battaglia*, 476 F.3d 504, 506-07 (7th Cir. 2007) ("whatever constitutes an impediment must prevent a prisoner from filing his petition") and *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) ("Without state action, there can be no state-created impediment by the public defender agency."). The nine-day delay in notification also does not constitute grounds for equitable tolling, because this type of delay is not "extraordinary" and did not actually prevent Coleman from filing his § 2254 petition. *See Ray*, 700 F.3d at 1004, n.3 (the doctrine of equitable tolling "applies only when extraordinary circumstances outside of the petitioner's control prevent timely filing") (internal quotation marks omitted).

[7] Coleman's § 2254 petition was signed February 1, 2012, but there is no evidence in the record that the petition was mailed any time prior to February 7, 2012, the date it was post-marked. (*See* Dkt. No. 18 ("Respondent's Reply") ¶ 7.) Under Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, the date of "deposit[ ] in the institution's internal mailing system" generally governs the time of filing. *See* § 2254 Rule (3)(d).

7

"The Seventh Circuit has suggested that a prisoner must have access to the habeas corpus statute of limitations before it may be used to bar his claim." *United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1040 (N.D. Ill. 2008) (Kennelly, J.) (citing *Moore v. Battaglia*, 476 F.3d 504, 507-08 (7th Cir. 2007)). In *Strong*, District Judge Matthew F. Kennelly relied on two key factual findings to conclude that petitioner Strong adequately demonstrated a State-created impediment to filing under § 2244(d)(1)(B) because he did not have access to § 2244(d). First, Judge Kennelly noted that Menard Correctional Center was on lockdown "for fifteen of the twenty-three weeks immediately preceding [Strong's] filing deadline," and that Strong "had no access at all to law library materials" while the prison was on lockdown. *Strong*, 530 F. Supp. 2d at 1039. Second, Judge Kennelly determined that a prison law clerk's advice to Strong that "he had a year to file" was attributable to the State, and could be reasonably interpreted to mean that the law clerk told Strong "he had one year after his post-conviction appeal was concluded to file a federal habeas corpus petition." *Id.* at 1038. Judge Kennelly concluded that "[t]he miscalculation of the due date for Strong's habeas petition by prison personnel and the resulting inaccessibility to Strong of the statute of limitations qualifies as state action impeding Strong from timely filing his petition within the meaning of section 2244(d)(1)(B) and/or the doctrine of equitable estoppel and/or tolling." *Id.* at 1042.[8]

Coleman's argument is based almost entirely on his citation to *Strong*. Even assuming, without deciding, that the circumstances as the court originally found them in *Strong* could establish a State-created impediment to filing, the facts in this case are distinguishable. Coleman does not contend that he was given erroneous advice by prison officials, or that he was prevented

---

[8] Upon reconsideration, and after a further evidentiary hearing, Judge Kennelly concluded that Strong was not given erroneous advice from the head law librarian "or anyone else delegated authority by prison personnel to calculate filing deadlines," and that Strong was not denied access to the law library when he failed to request access to the law library before or after the four months of lockdown. *United States ex rel Strong v. Gaetz*, No. 07 C 435, 2009 WL 3060267, at *8-9 (N.D. Ill. Sept. 21, 2009) (Kennelly, J.) (granting motion to reconsider).

from asking the Law Library for information about the applicable deadline for his § 2254 petition. Rather, Coleman bases his argument on what the Law Library did *not* tell him. As his argument makes clear, the materials he was given for the Northern District of Illinois simply do not address the applicable filing deadline, (*see* Petitioner's Ex. C1 ("Instructions for Filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 & § 2254.")), but this is understandable in light of the fact that Coleman did not ask for materials regarding § 2254's statute of limitations. Instead, he asked for "all instructions on how to file a habeas corpus pursuant to 28 U.S.C. § 2254." (Petitioner's Resp. ¶ 7.)[9] Coleman attests that he also received the standard form for the Southern District of Illinois in response to his request to the Law Library, (Petitioner's Resp., Ex. C ¶ 3), but he does not include a copy of the form as an exhibit to his response brief. A full reading of the Southern District of Illinois's standard form, submitted by Respondent in reply, shows that it includes the full text of § 2244(d). (*See* Respondent's Reply, Ex. DDD.) If Coleman actually received this eighteen-page form from the Law Library, a factual determination that the court need not reach, it would significantly undermine Coleman's assertion that the Law Library "failed to notify petitioner as to when his deadline was for filing a federal habeas corpus with this court." (Petitioner's Resp. ¶ 8.) In any event, Coleman has neither alleged nor argued that the Law Library provided him with erroneous information about the filing deadline for his § 2254 petition or that it otherwise mislead him as to the proper statute of limitations.

Coleman also does not contend that the Law Library failed to answer any of his requests for legal materials, or that the procedures for submitting requests for legal materials prohibited

---

[9] Respondent disputes Coleman's factual assertions on this point, arguing that "the prison's library has no record that petitioner made the foregoing request or that the library responded in the manner petitioner describes." (Respondent's Reply ¶ 14 (citing Respondent's Exs. PP-TT).) The court accepts Coleman's version of these disputed facts for purposes of ruling on the pending motion to dismiss.

him from accessing the applicable statute of limitations. On the contrary, Coleman's affidavit suggests that the Law Library responded promptly to both of Coleman's requests for information.[10] The fact that Coleman was limited to submitting his requests in writing does not mean, by extension, that he was denied access to the applicable statute of limitations. Although Coleman asserts that he has had "extremely limited access to the law library" and that he has only been allowed "access to the law library 8-10 times since confined in IDOC," (Petitioner's Resp. ¶ 5; *see also* Petitioner's Ex. A ¶ 5), these statements, when considered in context, appear to refer to Coleman's access to the physical Law Library facility. Because Coleman acknowledges that he "could of learned of the time limits at issue . . . by writing the Max Law Library," (Petitioner's Resp. ¶ 9), his access to the physical Law Library facility is irrelevant. In short, there is no indication that there was any impediment to Coleman asking for, and receiving, information about the applicable filing deadline for his § 2254 petition.

In *Moore v. Battaglia*, the Seventh Circuit reiterated its previous statement that "whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Moore*, 476 F.3d at 506-07 (quoting *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original)). The Seventh Circuit considered the possibility that an "inadequate prison library" could be considered a State-created impediment under § 2244(d)(1)(B), if the library did not contain a copy of § 2244(d) or if the State prevented the petitioner from accessing a copy of § 2244(d), but the factual record in *Moore* was too under-developed for the court to reach this legal question. *See Moore*, 476 F.3d at 508.

Coleman has not submitted any evidence suggesting that the State prevented him from accessing a copy of § 2244(d) or otherwise created an impediment that prevented him from

---

[10] After erroneously receiving a copy of the standard form from the Southern District of Illinois, Coleman sent a follow-up request for a "proper form" for the Northern District of Illinois, which he then received from the Law Library. (Petitioner's Ex. C ¶ 5.)

10

timely filing his § 2254 petition. As Respondent notes, Coleman "was able to ultimately file his petition without access to the law library and when the alleged impediment still existed." (Respondent's Reply ¶ 12 (citing *Lloyd*, 296 F.3d at 633).) It was Coleman's burden to "come forward with some evidence" of a State-created impediment to filing to support his claim that "365 countable days have not elapsed." *Ray*, 700 F.3d at 1008. Coleman has not met this burden. Moreover, Respondent's evidence in reply makes abundantly clear that the Law Library imposed no impediment to filing in this case. (*See* Respondent's Reply ¶¶ 13-16, 19-20 (citing Respondent's Exs. PP-VV, XX-YY, AAA, CCC-DDD).) The court therefore declines to find a State-created impediment to filing under § 2244(d)(1)(B).

3. <u>Equitable Tolling</u>

Coleman's arguments in support of equitable tolling also rely on his alleged inability to learn of the applicable filing deadline, as well as the fact that Coleman only has an 8th Grade education and "[d]oes not understand the law well enough to litigate his case." (Petitioner's Resp. ¶¶ 5, 9-10, 13.) In 2010, the Supreme Court confirmed that AEDPA's one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner seeking equitable tolling must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).) "[S]tanding alone, [a petitioner's] lack of legal expertise is not a basis for invoking equitable tolling." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Additionally, "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).

11

Coleman did not diligently request information from the Law Library about the filing deadline for his § 2254 petition, nor has he demonstrated extraordinary circumstances that prevented him from timely filing his § 2254 petition. The court finds no basis for applying equitable tolling in this case.

4. <u>Certificate of Appealability</u>

This court will issue a certificate of appealability if it finds that Coleman has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, Coleman must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Because this court finds it is not debatable among reasonable jurists that Coleman's § 2254 petition is untimely under § 2244(d), the court denies Coleman's request for a certificate of appealability.

5. <u>Motion to Stay</u>

Coleman's "Motion to Stay Proceedings in Abeyance" (Dkt. No. 20) addresses his interest in filing a successive post-conviction petition in State court, based on the recent Supreme Court case of *Miller v. Alabama*, 132 S. Ct. 2455 (2012). Because Coleman's § 2254 petition is untimely regardless of whether Coleman files a successive post-conviction petition in State court, Coleman's motion to stay is denied as moot.

## CONCLUSION

For the reasons set forth above, respondent Randy Pfister's "Motion to Dismiss" (Dkt. No. 10) is granted and petitioner Jonathan Coleman's "Motion to Stay Proceedings in Abeyance"

(Dkt. No. 20) is denied as moot. Coleman's request for a certificate of appealability is denied. Civil case terminated.

                                        ENTER:

                                        _____
                                        JAMES F. HOLDERMAN
                                        Chief Judge, United States District Court

Date: March 29, 2013